IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2628-D |
| | § | NO. 3-08-CR-0226-D |
| BRANDON CHRISTOPHER JOHNSON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Brandon Christopher Johnson, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

A federal grand jury indicted defendant on two charges related to the unlawful possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Count 1 of the indictment charged defendant with possession of a Taurus nine millimeter pistol. Count 2 of the indictment charged defendant with possession of 24 rounds of nine millimeter ammunition. After waiving his right to a trial by jury, defendant pled guilty to Count 1 of the indictment and was sentenced to 52 months confinement, followed by a two-year term of supervised release. Although defendant waived his right to appeal and to seek post-conviction relief as part of the plea agreement, he appealed his conviction and sentence. The appeal was dismissed after defense counsel filed an *Anders* brief certifying that there were no nonfrivolous issues for appeal. *United States v. Johnson*, 399 Fed.Appx. 15, 2010 WL 4269250 (5th Cir. Oct. 26, 2010). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that: (1) the enhancement of his sentence under U.S.S.G. § 2K2.1(a)(4)(A), which provides for a base offense level of 20 if the defendant committed a firearms offense after being convicted of a violent felony, violates the *Ex Post Facto* Clause of the United States Constitution because his prior felony conviction for evading arrest was not classified as a "crime of violence" at the time the firearms offense was committed;[1] and (2) the district court failed to consider all relevant sentencing factors under 18 U.S.C. § 3553(a), including the death of defendant's mother, his mental state, and the health of his young son. The government counters that both claims are barred by the waiver in the plea agreement, are procedurally barred from collateral review, and are without merit.

A.

The Fifth Circuit has held that a defendant may waive his right to appeal or to seek post-conviction relief as part of a valid plea agreement, "provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011), *quoting United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). A waiver is knowing and voluntary if the defendant knows he has the right to appeal his sentence and that he is giving up that right. *Id.* The defendant must also understand the consequences of the waiver. *Id.* "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*

---

[1] In *United States v. Harrimon*, 568 F.3d 531 (5th Cir.), *cert. denied*, 130 S.Ct. 1015 (2009), the Fifth Circuit held that evading arrest by use of a vehicle constitutes a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Harrimon* was decided on May 14, 2009 -- more than a year after the date of the offense alleged in Count 1 of the indictment.

As part of the plea agreement in this case:

> Johnson waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. *He further waives his right to contest conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.* Johnson, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Gov't Resp. App., Exh. 1, Plea Agr. at 5, ¶ 11) (emphasis added). This waiver was the subject of extended discussion at rearraignment. (*See id.*, Exh. 2, Rearraign. Tr. at 7-14). After defendant told the judge that he was not familiar with "something on the back page or the second-to-the-last page that you waive your rights to appeal[,]" (*id.*, Exh. 2, Rearraign. Tr. at 8-9), the court gave defendant another opportunity read the plea agreement and ask any questions. (*Id.*, Exh. 2, Rearraign. Tr. at 9-14). With respect to the waiver provision, the court informed defendant:

> The waiver of appeal -- which you [ ] have agreed to -- is contained for [the] plea agreement[ ], in paragraph 11, so let's talk about that.
>
> I am required by law to make sure that you understand that on the record. That means that what you have agreed to is not appeal, not contest, not complain about your sentence. As soon as you get sentenced, the case is over. In other words, you are giving up your right to appeal to a higher court if you think your sentence is unfair or you think it's too high.
>
> There are very few areas that you have agreed to reserve to appeal, but for the most part you have waived your right to appeal this case as of the sentencing.

(*Id.*, Exh. 2, Rearraign. Tr. at 13). Defendant told the judge that he understood the effect of his waiver. (*Id.*). This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See United States v. Samples*, No. 3-11-CV-1066-B, 2011 WL 4907315 at *3 (N.D. Tex. Sept. 15, 2011) (citing cases), *rec. adopted*, 2011 WL 4907309 (N.D. Tex. Oct. 13,

2011). Because defendant knowingly and voluntarily waived his right to appeal or to seek post-conviction relief except on limited grounds, none of which are implicated by his section 2255 motion, his claims are barred from collateral review.

B.

Even if defendant's claims were not barred by the waiver in the plea agreement, they are procedurally barred. Post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992) ("[A] collateral challenge may not do service for an appeal."). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy this cause and prejudice test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct. 2639, 2648-49, 91 L.Ed.2d 397 (1986). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 232, *quoting Murray*, 106 S.Ct. at 2649.

In response to an *Anders* brief filed by his appellate counsel, defendant suggested that there were three nonfrivolous issues for appeal. One of those claims is raised by defendant in his section 2255 motion -- the improper enhancement of his sentence under U.S.S.G. § 2K2.1(a)(4)(A). That claim was implicitly rejected by the Fifth Circuit when it dismissed the appeal, and defendant may not revisit the issue in a section 2255 proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986), *citing United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 100 S.Ct. 2174 (1980). Defendant does not allege, much less prove, "cause" for

failing to raise on direct appeal his other claim that the trial judge failed to consider all relevant sentencing factors under 18 U.S.C. § 3553(a). As a result, that claim is procedurally defaulted.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 12, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE